**Nos. 13-16819, 13-16918, 13-16919, 13-16929, 13-16936, 13-17028, 13-17097**

**In the United States Court of Appeals
for the Ninth Circuit**

———————

ANGEL FRALEY, ET AL.,
*Plaintiffs and Appellees*,

JO BATMAN, ET AL.,
*Objectors and Appellants*,

*v.*

FACEBOOK, INC.,
*Defendant and Appellee*.

———————

Appeal from the United States District Court
for the Northern District of California
No. 11-CV-01726, Hon. Richard Seeborg, presiding

———————

**MOTION OF DEFENDANT–APPELLEE FACEBOOK, INC. FOR
PERMISSION TO FILE AN OVERSIZED ANSWERING BRIEF**

———————

| | |
|---|---|
| Kristin Linsley Myles | Michael G. Rhodes |
| Joshua Patashnik | Matthew D. Brown |
| MUNGER, TOLLES & OLSON LLP | Jeffrey M. Gutkin |
| 560 Mission Street | COOLEY LLP |
| San Francisco, CA 94105 | 101 California Street |
| (415) 512-4000 | San Francisco, CA 94111 |
| | (415) 693-2000 |
| Daniel B. Levin | |
| MUNGER, TOLLES & OLSON LLP | |
| 355 South Grand Avenue | |
| Los Angeles, CA 90071 | |
| (213) 683-9100 | |

*Counsel for Facebook, Inc.*

## MOTION FOR PERMISSION TO EXCEED THE TYPE-VOLUME LIMITATION ON ANSWERING BRIEF

Pursuant to Federal Rule of Appellate Procedure 27 and Ninth Circuit Rule 32-2, and for the reasons set forth below, Defendant-Appellee Facebook, Inc. ("Facebook") respectfully moves this Court for leave to exceed the type-volume limitation on its Answering Brief and to submit its proposed brief containing 19,863 words.  Pursuant to the Ninth Circuit's Advisory Committee Note to Rule 27-1, Facebook contacted counsel for the other parties in these consolidated appeals to ascertain their position on this motion.  Declaration of Daniel B. Levin ("Levin Decl.") ¶ 3.  Counsel for Plaintiffs-Appellees and three of the Objector-Appellants do not oppose this motion; counsel for the remaining three Objector-Appellants have not indicated any position on the motion.  *Id.*

Under Federal Rule of Appellate Procedure 32(a)(7)(B)(i), "[a] principal brief is acceptable if it contains no more than 14,000 words."  A motion to exceed applicable page or type-volume limitations will be granted upon a showing of "diligence and substantial need."  9th Cir. R. 32-2.  "To satisfy this standard, counsel must show that the additional space is justified by something unusual about the issues presented, the record, the applicable caselaw or some other aspect of the brief."  *United States v. Molina-Tarazon*, 285 F.3d 807, 808 (9th Cir. 2002).  As set forth herein and in the attached Declaration, this standard is satisfied in this case.

These consolidated appeals arise from the district court's approval of a class action settlement between Plaintiffs and Facebook. Appellants are objectors to the settlement who argue that the district court abused its discretion in approving the settlement. Facebook's proposed Answering Brief responds in a single document to the arguments advanced in the six separate Opening Briefs filed by the Objector-Appellants in these consolidated cases, which together exceed 39,000 words. Levin Decl. ¶ 4. The proposed Answering Brief also responds to arguments advanced in the four amicus briefs and one amicus letter filed in these cases, which together exceed 20,000 words. *Id.* ¶ 5.

These Opening Briefs and amicus briefs cover a range of issues relating to whether the district court abused its discretion in approving the settlement between Facebook and Plaintiffs. These issues include: (a) the applicability of state right of publicity laws regarding minors; (b) the applicability of provisions of the California Family Code regarding the ability of minors to contract; (c) multiple elements of Plaintiffs' claims and Facebook's defenses thereto, including defenses available under the First Amendment, the Communications Decency Act, 47 U.S.C. § 230, and the Children's Online Privacy Protection Act, 15 U.S.C. § 6501 *et seq.*; (d) the alleged need for separate counsel for the minor subclass; (e) the adequacy of monetary relief; (f) the propriety of the *cy pres* component of the settlement; (g) the propriety of the attorneys' fee award; and (h) arguments that the

2

settlement violates the federal and California constitutions and federal antitrust law.  Levin Decl. ¶ 6.

Many of the briefs to which Facebook responds discuss only one or two of these distinct issues, but do so in depth.  Levin Decl. ¶ 7.  These are precisely the kind of "unusual" circumstances that justify the submission of oversized briefs. *Molina-Tarazon*, 285 F.3d at 808.

Facebook has diligently focused its arguments on the most critical issues before this Court, but counsel nonetheless believe that the 14,000-word limitation prescribed by Rule 32(a)(7)(B)(i) is insufficient for Facebook to respond to ten separate briefs totaling nearly 60,000 words.  Levin Decl. ¶ 8.  Facebook's proposed single Answering Brief responding to all of these separate briefs is approximately one-third the length of the combined briefs on the other side.

///

///

Facebook therefore respectfully requests this Court to allow Facebook leave to exceed the page limitation as set forth above, and further requests that the Court accept Facebook's proposed Answering Brief as submitted.

Respectfully submitted,

 /s/ *Daniel B. Levin*

Kristin Linsley Myles
Joshua Patashnik
MUNGER, TOLLES & OLSON LLP
560 Mission Street
San Francisco, CA 94105
(415) 512-4000

Daniel B. Levin
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Los Angeles, CA 90071
(213) 683-9100

Michael G. Rhodes
Matthew D. Brown
Jeffrey M. Gutkin
COOLEY LLP
101 California Street
San Francisco, CA 94111
(415) 693-2000

*Counsel for Facebook, Inc.*

## **DECLARATION OF DANIEL B. LEVIN**

I, Daniel B. Levin, hereby declare as follows:

1.  I am an attorney at Munger, Tolles & Olson LLP, counsel of record for Defendant-Appellee Facebook, Inc. in these consolidated appeals. This declaration is submitted in support of Facebook's Motion for Permission to File an Oversized Answering Brief ("Motion"). I have personal knowledge of the matters set forth herein and could and would testify competently to each of them.

2.  Facebook's proposed Answering Brief, filed concurrently herewith, consists of 19,863 words. I relied on the word count generated by Microsoft Word.

3.  Before submitting Facebook's Answering Brief, my colleague Joshua Patashnik contacted counsel for all other parties to these consolidated appeals on May 29, 2014, in an effort to ascertain their position on this Motion. Counsel for Plaintiff-Appellees, Steven Weinmann, emailed in response that Plaintiffs do not oppose the request. Counsel for Objector-Appellants Schachter, Lally, and H.L.S. also emailed to indicate that they do not oppose the request. Counsel for Objector-Appellants Batman, K.D., and Cox did not respond.

4.  Facebook's Answering Brief responds to the six Opening Briefs filed by Objector-Appellants Batman, Schachter, Lally, K.D., H.L.S., and Cox. These briefs together exceed 39,000 words, as determined by the word counts contained in the certifications appended to each of the briefs.

5.    Facebook's Answering Brief also responds to arguments advanced in the four amicus briefs submitted by the Federal Trade Commission, the State of California, the Center for Digital Democracy, and the Electronic Privacy Information Center, as well as an amicus letter submitted by the Campaign for a Commercial-Free Childhood. While exact word counts are not available for each of these filings, it is apparent that these amicus filings collectively exceed 20,000 words.

6.    The Opening Briefs and amicus filings together address a wide variety of issues relating to whether the district court abused its discretion in approving the settlement between Facebook and Plaintiffs. These issues include certain state right of publicity laws regarding minors (*see* Schachter Br. 19-39); provisions of the California Family Code regarding the ability of minors to contract (*see* K.D. Br. 41-47); multiple elements of Plaintiffs' claims and Facebook's defenses thereto, including defenses available under the First Amendment, the Communications Decency Act, 47 U.S.C. § 230, and the Children's Online Privacy Protection Act, 15 U.S.C. § 6501 *et seq.* (*see* K.D. Br. 47-49; FTC Br. 6-13; Cal. Br. 9-23); the alleged need for separate counsel for the minor subclass (*see* H.L.S. Br. 14-34); the alleged need for separate counsel for the minor subclass (*see, e.g.*, Lally Br. 10-11); the *cy pres* component of the settlement (*see, e.g.*, Batman Br. 12-15); the attorney's fee award (*see, e.g.*, Batman Br. 16-17; Cox Br. 10-13); and

6

a number of other issues (including arguments that the settlement violates the federal and California constitutions and federal antitrust law).

7.  Many of the briefs to which Facebook responds discuss only one or two of these distinct factual and legal issues at length and in detail.

8.  In preparing its proposed Answering Brief, Facebook has diligently focused its arguments on the most critical issues raised on appeal, but the 14,000-word limitation prescribed by Federal Rule of Appellate Procedure 32(a)(7)(B)(i) is insufficient in this instance.

I declare under penalty of perjury that the foregoing is true and correct . Executed this 30th day of May 2014, in Los Angeles, California.

                                              /s/ *Daniel B. Levin*
                                              Daniel B. Levin

9th Circuit Case Number(s)  13-16819, 13-16918, 13-16919, 13-16929, 13-16936, 13-17028, 13-17097

************************************************************************

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date)  May 30, 2014 .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format)    s/ Kristin Linsley Myles

************************************************************************